UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN ABEL,

          Plaintiff,                            Case No. 19-12556

v.                                       Honorable Nancy G. Edmunds

TODD LYON and
JASON QUAINTON,

          Defendants.

_____/

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER [35]
GRANTING IN PART PLAINTIFF'S MOTIONS TO COMPEL
COMPLIANCE WITH SUBPOENAS [15, 30]**

The matter is before the Court on the Michigan Department of Correction's

("MDOC") objections [37] to Magistrate Judge Elizabeth A. Stafford's order [35] granting

in part Plaintiff's motions to compel compliance with subpoenas [15, 30].  Being fully

advised in the premises, having read the pleadings, and for the reasons set forth below,

the Court OVERRULES IN PART the MDOC's objections and AFFIRMS the Magistrate

Judge's order as modified below.

    **I.    Background**

This is a prisoner civil rights action brought by Plaintiff Brian Abel, who is

proceeding pro se in this matter, against Correctional Officers Todd Lyon and Jason

Quainton.  He brings claims alleging retaliation in violation of his First and Fourteenth

Amendment rights.

On July 14, 2020, Magistrate Judge Stafford entered an order granting in part

Plaintiff's motions to compel compliance with subpoenas, finding that the MDOC did not

satisfy its burden of establishing that the emails requested by the subpoena are

1

protected by attorney-client privilege and ordering their production by August 5, 2020.

(Dkt. 35.)  On July 28, 2020, the MDOC filed the present objections to that order.  (Dkt.

37.)  More specifically, the MDOC objects to producing any emails protected by the

attorney-client privilege and further objects to producing any emails that would

jeopardize the safety and security of MDOC's prisoner-access computer system.

On July 31, 2020, the MDOC filed an emergency motion to stay the objected-to

order.  (Dkt. 38.)  The MDOC, noting that the Magistrate Judge's ruling remains in full

force unless stayed, requested a partial stay until the Court had an opportunity to rule

on the pending objections.  On August 4, 2020, Magistrate Judge Stafford issued an

order granting in part and denying in part MDOC's emergency motion for a stay.  (Dkt.

41.)  More specifically, the order allowed the MDOC to withhold emails that would a

pose a security concern if disclosed but denied the request for a stay with regard to the

documents allegedly protected by attorney-client privilege.  The MDOC then filed an

emergency objection to that order, asking the Court to stay the Magistrate Judge's

orders, which, read together, required it to produce the emails it alleges are protected

by attorney-client privilege.  (Dkt. 42.)  On August 5, 2020, the Court sustained the

MDOC's emergency objection and issued a temporary stay of the Magistrate Judge's

orders requiring production of emails the MDOC alleges are protected by the attorney-

client privilege pending this Court's ruling on the objections to the Magistrate Judge's

underlying order.  (Dkt. 43.)  In so doing, the Court noted that Plaintiff had not yet had

the opportunity to respond to the MDOC's objections to the Magistrate Judge's order

granting in part his motions to compel.  Plaintiff has now responded to those objections.

(Dkt. 44.)

## II.   Standard of Review

Under both 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district judge may reconsider any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law."  The clearly erroneous standard applies only to the magistrate judge's factual findings.  *Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524-25 (E.D. Mich. 2012) (internal quotation marks and citations omitted).  A finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  If two or more permissible views of the evidence exists, a magistrate judge's decision cannot be clearly erroneous.  *See Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).  The magistrate judge's legal conclusions are reviewed under the contrary to law standard.  *Visteon Global Techs.*, 903 F. Supp. 2d at 524-25 (internal quotation marks and citations omitted).  "A legal conclusion is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Robinson v. Allstate Ins. Co.*, No. 09-10341, 2011 U.S. Dist. LEXIS 81316, at *6 (E.D. Mich. July 26, 2011) (citation omitted).  The Court must use independent judgment when reviewing a magistrate judge's legal conclusions.  *Id.*

## III.   Analysis

The MDOC first objects to producing certain emails it identifies as protected by the attorney-client privilege.  The MDOC raised the issue of attorney-client privilege in its response to Plaintiff's second motion to compel, but in her order, Magistrate Judge Stafford noted that the MDOC had not submitted a privilege log.  She further found that

the MDOC had not made any effort to meet its burden of establishing that the emails

requested by the subpoena are protected by attorney-client privilege.  *See In re Grand*

*Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983) ("The burden of

establishing the existence of the privilege rests with the person asserting it.").  While the

MDOC now provides a belated privilege log,[1] the Court finds that there was no error in

the Magistrate Judge's order and overrules the MDOC's objection as to this issue.  To

alleviate the concerns, however, surrounding the disclosure of the allegedly privileged

emails, the Court orders the MDOC to produce all of these emails pursuant to a

stipulated protective order to be entered between the parties, limiting the use of the

documents to this case and preventing dissemination of the documents.

The MDOC next objects to producing certain emails it argues would jeopardize

the safety and security of MDOC's correctional facilities.  This argument was not raised

by the MDOC in its response to Plaintiff's motion to compel.  Thus, "absent compelling

circumstances," this issue would ordinarily be waived.  *See Precision Tracking*

*Solutions, Inc. v. Spireon, Inc.*, No. 3:12-cv-00626-PLR-CCS, 2015 U.S. Dist. LEXIS

132177, at *3 (E.D. Tenn. Sept. 29, 2015).  However, as Magistrate Judge Stafford

found in her order on the MDOC's motion to stay, the safety and security concerns

raised by the MDOC constitute compelling circumstances.  The Court will therefore

consider this argument.  The MDOC has filed an affidavit provided by an inspector at

the correctional facility where Plaintiff is a prisoner, stating that certain emails identified

---

[1] The MDOC also argues that it did not have time to review the emails and prepare a privilege log prior to filing its response to Plaintiff's second motion to compel. As the Magistrate Judge noted in her order, however, the MDOC could have requested an extension of time but failed to do so.

in the privilege log detail information about the MDOC computer system and their

disclosure "would be a significant security risk to MDOC as it would allow prisoners to

search for anything they wish including personal information of staff members, how to

smuggle contraband, possible escape plans, and much more." (Dkt. 40, PgID 250.) In

light of this affidavit, the Court will allow the MDOC to withhold the emails it states would

pose a safety and security reason if released. The Court notes, however, that there

was no error in the Magistrate Judge's order because this issue was not timely raised

by the MDOC in its response to Plaintiff's motion to compel.

## IV.   Conclusion

For the foregoing reasons, the Court VACATES the temporary stay it previously

issued, OVERRULES IN PART the MDOC's objections, AFFIRMS the Magistrate

Judge's order, and ORDERS the MDOC to produce by October 5, 2020 all documents

subpoenaed by Plaintiff that exist except for those documents whose disclosure would

pose a security risk to the MDOC. To the extent certain documents are allegedly

protected by attorney-client privilege, they must be produced pursuant to a stipulated

protective order entered by the parties.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge


Dated: September 21, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 21, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager