UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN ABEL,

    Plaintiff,

v.

TODD LYON, *et al.*,

    Defendants.

Civil Action No.: 19-12556
Honorable Nancy G. Edmunds
Magistrate Judge Elizabeth A. Stafford

_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT (ECF NO. 45)</u>**

### I. INTRODUCTION

Plaintiff Brian Abel, a former prisoner[1] proceeding *pro se* and in forma pauperis, sues Corrections Officer Todd Lyon and Prison Counselor Jason Quainton under 42 U.S.C. § 1983. Abel alleges that defendants retaliated against him in violation of his First Amendment rights. ECF No. 23. The Honorable Nancy G. Edmunds referred this matter to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b). ECF No. 14.

---

[1] Abel's February 2021 change of address notice suggests that he is no longer in prison. ECF No. 62.

Lyon moves for summary judgment, arguing that Abel failed to properly exhaust his administrative remedies, that he suffered no adverse actions, and that he would have issued the misconduct tickets without Lyon's protected activity. ECF No. 45.[2] The Court recommends that Lyon's motion be granted in part and denied in part, and that the claims against Quainton be dismissed sua sponte.

## II. BACKGROUND

Abel filed a grievance against a non-party MDOC corrections officer in June 2019, alleging he flashed Abel with his flashlight in a disorienting way. ECF No. 45-4, PageID.337. After the grievance, Lyon wrote a misconduct ticket alleging that Abel had left his unit without permission. ECF No. 45-6, PageID.345-348. Abel claims that Lyon said that he wrote the ticket because of Abel's June 2019 grievance, and another prisoner corroborates this claim. ECF No. 53, PageID.479, 483. The misconduct ticket was dismissed "due to [being] outside of hearing time limits." ECF No. 45-6, PageID.346.

---

[2] Lyon says in his motion that Quainton "has not been served, and as such is not currently a party to this lawsuit." ECF No. 45, PageID.285. But after Lyon filed his motion, the U.S. Marshals Service served Quainton. ECF No. 61.

Abel also claims that Lyon and Quainton retaliated against him because another prisoner, Benjamin Mee, "served" Lyon with a Federal Rule of Civil Procedure 45 non-party subpoena related to this case in November 2019. ECF No. 23, PageID.114. The subpoena that Mee handed Lyon was directed to the MDOC. ECF No. 15, PageID.57; ECF No. 45-9, PageID.362-363. Abel says that Quainton told him, "I'm going to have Lyon write you [an] insolence ticket for serving him with a subpoena," and that Lyon wrote an insolence ticket against Abel the next day. ECF No. 23, PageID.114. Lyon cited Abel for insolence, alleging that Abel and other prisoners watched and laughed as Mee handed Lyon the paperwork. ECF No. 45-9, PageID.360. A hearing officer found Abel guilty of insolence and imposed a sanction of seven days of lost privileges. ECF No. 45-8, PageID.357. Abel alleges that the insolence ticket was retaliation against him for exercising his First Amendment rights. ECF No. 23, PageID.115-116.

### III. ANALYSIS

#### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's

3

function at the summary judgment stage "is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id*. at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**B.**

Lyon at first argued that Abel failed to properly exhaust his administrative remedies for his claim about the insolence misconduct ticket. ECF No. 45, PageID.300-303. He contended that "Abel did not appeal his guilty finding on the misconduct," and "there is no evidence that Abel ever submitted the appropriate appeal form." *Id.*, PageID.302-303. But in his response, Abel presented evidence that he did appeal the misconduct

decision, and Lyon abandoned his argument that Abel failed to exhaust his administrative remedies in his reply.  ECF No. 53, PageID.488-489; ECF No. 54, PageID.516.

## C.

Next, Lyon argues that Abel's retaliation claim for the June 2019 out-of-place misconduct ticket cannot prevail because Abel suffered no adverse action.  ECF No. 45, PageID.304-308.

To succeed on a retaliation claim, Abel must show that: (1) he was engaged in conduct protected by the First Amendment; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that protected conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  He must show that "the exercise of the protected right was a substantial or motivating factor" in Lyon's alleged retaliation.  *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).  In assessing whether an action is adverse, "[t]he relevant question is whether the defendants' actions are 'capable of deterring a person of ordinary firmness; there is no requirement

that the plaintiff show actual deterrence." *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (citing *Thaddeus-X*, 175 F.3d at 398).

Lyon contends that "a withdrawn misconduct charge is not an action that would deter a person of ordinary firmness." *Id.*, PageID.307. In support, he cites *Porter v. VanTatenhove*, which cited out-of-circuit precedent to find that "[i]t is well established that a withdrawn misconduct charge is not an action that would deter a person of ordinary firmness." No. 1:10-CV-131, 2011 WL 7170681, at *9 (W.D. Mich. Dec. 30, 2011), *adopted in part and rejected in part*, 2012 WL 405622 (W.D. Mich. Feb. 8, 2012). But the Sixth Circuit has consistently held that "[w]hen deciding whether the issuance of a misconduct ticket rises to the level of an adverse action, we look to both the punishment [the prisoner] could have faced and the punishment he ultimately did face." *Maben v. Thelen*, 887 F.3d 252, 266 (6th Cir. 2018) (citing *Scott v. Churchill*, 377 F.3d 565, 572 (6th Cir. 2004); *Brown v. Crowley*, 312 F.3d 782, 789 (6th Cir. 2002)).

"[S]ome adverse actions are so *de minimis* that they do not rise to the level of a constitutionally cognizable injury." *Id.* Abel alleges that the out-of-place ticket exposed him to the possible penalties of five days toplock, 30 days of loss privileges, and expulsion from a Pell grant funded school. ECF No. 23, PageID.116. These potential penalties are not *de minimis*.

6

*See Maben*, 887 F.3d at 266-67. The Court thus finds that the issuance of the alleged false misconduct ticket qualifies as an adverse action even though the ticket was dismissed.

### D.

Lyon's last argument addresses causation; he contends that Abel cannot show that Lyon would not have issued the misconduct tickets absent Abel's protected conduct. ECF No. 45, PageID.308-311. When a plaintiff establishes a prima facie retaliation case, "the burden then shifts to the defendant to show by a preponderance of the evidence that it would have taken the same action even in the absence of the protected conduct." *Leary v. Daeschner*, 228 F.3d 729, 737 (6th Cir. 2000) (citation and internal quotation marks omitted). "If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Thaddeus-X*, 175 F.3d at 399.

But the defendant must do more than show that the plaintiff committed misconduct to meet the "preponderance of evidence" standard. *Maben*, 887 F.3d at 261-63. In *Maben*, the court rejected the Eighth Circuit's "checkmate doctrine." *Id.* "The 'checkmate doctrine' provides that when a prison body finds that a prisoner has committed 'an actual violation of prison rules' and the 'finding [is] based on some evidence of the

7

violation, the finding essentially checkmates [the] retaliation claim.'" *Id*. at 261 (citation omitted). Because an official's burden is to show by a preponderance of the evidence that he would have taken the same action without the protected activity, the "some evidence" standard inherent in the checkmate doctrine is not enough. *Id*. at 262.

The *Maben* court also explained that adopting the checkmate doctrine would "unfairly tempt corrections officers to enrobe themselves and their colleagues in what would be an absolute shield against retaliation claims. A prisoner deserves the opportunity to try to show that the reasons given for disciplining him were a pretext for the prison officials' retaliatory animus." *Id*. at 263 (citations and internal quotation marks omitted).

### 1. June 2019 Out of Place Misconduct

Lyon argues that he issued the June 2019 misconduct ticket because Abel was outside the unit without "a callout or pass allowing him to leave the unit," in violation of 04.04.130. ECF No. 45, PageID.308-309 (citing MDOC Policy Directive (PD) 04.04.130-A). In an affidavit, he denies that he cited Abel for misconduct to retaliate for Abel's grievances against other officers. ECF No. 46, PageID.416. The regulations support Lyon's claim that a prisoner who is out of place has committed Class II misconduct. MDOC PD 03.03.105 and 04.04.130. But even if Abel had violated prison

regulations when Lyon cited him for misconduct, that is only some evidence that Lyon would have taken the same action without the protected activity. *Maben*, 887 F.3d at 261-63.

On top of that, Abel presents evidence to support his claims that he was not out of place when Lyon issued the ticket and that Lyon acted out of retaliation. In a declaration, Abel says that he asked Lyon, "Why did you give me a ticket, when I checked out with you and received your permission?" ECF No. 53, PageID.479. Abel claims that Lyon responded, "I wrote you the ticket because you wrote grievances about the use of flashlights and showers . . . ." *Id*. Prisoner Robert Hoffman says in a declaration that he witnessed the conversation between Abel and Lyon. *Id*., PageID.483-484. Hoffman wrote that Abel said that Lyon had given Abel "permission to go to chow" and asked why Lyon had ticketed him. *Id*., PageID.483. Hoffman says that Lyon responded, "I wrote you a ticket because you went to one of my bosses and wrote grievances about the showers and flashlights." *Id*. Abel's and Hoffman's affidavits are "direct evidence of causation." *Muhammad v. Close*, 798 F. Supp. 2d 869, 876 (E.D. Mich. 2011)

In *Maben*, the court noted that a finding of guilty after a misconduct hearing was only some evidence that the defendant would have taken the

9

same action without the protected activity. 887 F.3d at 261-63. Here, Abel was not even found guilty of being out of place; the misconduct ticket was dismissed. ECF No. 45-6, PageID.346. Given that, and given Abel's direct evidence of causation, Lyon's mere denial that he had a retaliatory motive does not satisfy the preponderance of evidence standard. Lyon's motion for summary judgment of Abel's retaliation claim arising from the June 2019 misconduct ticket should be denied.

### 2. November 2019 Insolence Misconduct Ticket

Abel alleges that Lyon and Quainton cited him for insolence in retaliation for Abel having another prisoner, Mee, "serve" Lyon with a Rule 45 subpoena. ECF No. 23, PageID.114-115. Lyon denies that he cited Abel for insolence out of retaliation. ECF No. 45, PageID.309; ECF No. 46, PageID.418. But the Court finds that addressing the causation element of a retaliation claim for the insolence misconduct ticket is unnecessary because Abel does not state a claim that the insolence ticket was in retaliation for protected First Amendment conduct.

To state a claim for retaliation, Abel must plead facts that "contain the essential elements of a First Amendment retaliation claim," including that "he engaged in protected activity." *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010). The First Amendment protects a prisoner's right to access to

the courts. *Thaddeus-X*, 175 F.3d at 391. In other words, "[p]rison officials may not erect any barriers that impede an inmate's access to the courts." *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). And a prisoner has the right "to file grievances and access the courts without suffering retaliation for so doing." *Rodgers v. Hawley*, 14 F. App'x 403, 409-10 (6th Cir. 2001).

Abel does not plead facts to support that he engaged in a protected activity when having Mee hand-serve Lyon the subpoena. Put differently, to access the court, Abel did not need to serve Lyon the subpoena. It is true that Rule 45 requires that notice and a copy of a subpoena be served on each party, but Lyon had counsel when Mee "served" Lyon with the court order. Rule 45(a)(4). Service of papers "must be made on the attorney" of a represented party unless the court orders service on the party. Fed. R. Civ. 5(b)(1). Abel may have genuinely believed that he was required under Rule 45(a)(2) to serve Lyon with the subpoena. But this Court finds no legal support for a finding that Abel had a protected right to have Mee serve Lyon with the subpoena, and it will not sanction a practice of prisoners using each other to serve court papers on prison officials.

In his motion, Lyon did not contest that Abel has stated a claim that he was engaged in protected activity. ECF No. 45. But because Abel is proceeding in forma pauperis, the Court must dismiss sua sponte the

11

portions of a complaint that fail to state a claim, are frivolous, or seek monetary relief from immune defendants. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997); 28 U.S.C. § 1915(e)(2)(B). Abel's claims that arise from the November 2019 insolence ticket fail to state a claim and should be dismissed sua sponte. The claims should be dismissed as to both Lyon and Quainton even though Quainton did not join in the motion for summary judgment. *Belser v. Alton*, No. 14-13848, 2015 WL 4488598, at *8 (E.D. Mich. July 23, 2015), *aff'd, sub nom. Marvin Belser v. Sarah Alton, et al.*, (Aug. 27, 2015) ("The claims stated against them are same as those lodged against the moving defendants; thus the claims should be dismissed for the same reasons, despite the fact that those defendants did not join in the motion.").

### IV. CONCLUSION

The Court **RECOMMENDS** that Lyon's motion for summary judgment, **ECF No. 45**, be **GRANTED IN PART AND DENIED IN PART**, and that the claim against Quainton be **DISMISSED**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: March 30, 2021

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).

Each objection must be labeled as "Objection #1," "Objection #2," etc., and must specify precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, any non-objecting party must file a response to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be concise and proportionate in length and complexity to the objections, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2021.

                                          s/Marlena Williams
                                          MARLENA WILLIAMS
                                          Case Manager