UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN ABEL,

        Plaintiff,                                        Case No. 19-12556

v.                                                    Honorable Nancy G. Edmunds

TODD LYON and
JASON QUAINTON,

        Defendants.

_____/

**ORDER ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE
JUDGE'S MARCH 30, 2021 REPORT AND RECOMMENDATION [63]**

The matter is before the Court on the Magistrate Judge's March 30, 2021 report and recommendation. (ECF No. 63.) The Magistrate Judge recommends granting in part and denying in part Defendant Todd Lyon's motion for summary judgment and dismissing Defendant Jason Quainton from this matter. Plaintiff has filed objections. (ECF No. 66.) Defendant Lyon has responded to those objections. (ECF No. 67.) Having conducted a *de novo* review of the portion of the Magistrate Judge's report to which specific objections have been filed, the Court SUSTAINS Plaintiff's objections and ACCEPTS AND ADOPTS IN PART and REJECTS IN PART the report and recommendation.

**I. Background**

Plaintiff Brian Abel, a former prisoner proceeding pro se and in forma pauperis, alleges Corrections Officer Lyon and Prisoner Counselor Quainton retaliated against him in violation of his First Amendment rights. Plaintiff brings two claims pursuant to his second amended complaint. (ECF No. 23.) In his first claim ("June 2019 claim"), Plaintiff alleges Defendant Lyon issued him a misconduct ticket in retaliation for grievances he

1

had filed against other officers. In his second claim ("November 2019 claim"), Plaintiff alleges Defendants Lyon and Quainton cited him for insolence in retaliation for serving Lyon with a Rule 45 non-party subpoena related to this lawsuit. The Magistrate Judge recommends denying Defendant Lyon's motion for summary judgment as to the June 2019 claim and granting it as to the November 2019 claim.

The Magistrate Judge recommends dismissing the November 2019 claim based on her finding that Plaintiff having another prisoner deliver the subpoena to Defendant is not protected activity under the First Amendment. The Magistrate Judge acknowledges that Defendant Lyon did not make this argument in his motion but notes that because Plaintiff is proceeding in forma pauperis, any portion of his complaint that fails to state a claim must be dismissed sua sponte. Based on her finding regarding a lack of protected activity, the Magistrate Judge found it unnecessary to reach Defendant Lyon's argument regarding the causation element of this claim. And because the November 2019 claim is the only claim brought against Defendant Quainton, the Magistrate Judge also recommends dismissing him from the case. Plaintiff objects to the Magistrate Judge's finding regarding his November 2019 claim against Defendant Lyon but states that he abandons this claim against Quainton.

## II. Standard of Review

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

III.    Analysis

   A.   June 2019 Retaliation Claim

No party has objected to the Magistrate Judge's recommendation that Defendant Lyon's motion for summary judgment be denied as to Plaintiff's June 2019 retaliation claim.  "[T]he failure to object to the magistrate judge's report[] releases the Court from its duty to independently review the matter."  *Hall v. Rawal*, No. 09-10933, 2012 U.S. Dist. LEXIS 120541, at *2 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  Nonetheless, the Court agrees with the Magistrate Judge's analysis and accepts and adopts this portion of the report and recommendation.  Defendant Lyon's motion for summary judgment as to the June 2019 retaliation claim is therefore denied.

   B.   November 2019 Retaliation Claim

Plaintiff objects to the Magistrate Judge's sua sponte finding that there was no protected activity underlying his November 2019 claim for two reasons.  First, he notes the Magistrate Judge erroneously states that Defendant Lyon had counsel at the time he was served with a subpoena.  Second, Plaintiff notes he did not break any rules by asking another prisoner to deliver the subpoena on his behalf.

Defendant concedes Plaintiff's first point—that he was not represented by counsel at the time he was served with the subpoena—and does not dispute the second—that Plaintiff did not break any rules by having another prisoner serve Lyon with the subpoena, but he argues neither one of these assertions alters the Magistrate Judge's conclusion that Plaintiff did not engage in protected activity.

As the Magistrate Judge notes, a prisoner has the constitutional right to file grievances and access the courts without suffering retaliation for doing so.  *See Rodgers*

*v. Hawley*, 14 F. App'x 403, 409-10 (6th Cir. 2001). The Magistrate Judge found that Plaintiff did not need to serve Defendant Lyon with the subpoena to access the courts here in part because the subpoena should have been served on counsel. But as noted above, Defendant was not yet represented by counsel at the time. More importantly, however, delivery of the subpoena was part of litigating this lawsuit. In fact, Plaintiff has presented evidence describing the protected activity more broadly to include the filing of this suit. *See* ECF No. 53, PgID 483 (declaration from a prisoner stating he heard Lyon say he wrote Plaintiff the insolence ticket "because he's suing me and served me with a subpoena"). It appears even Defendant assumed the filing of this lawsuit is the protected activity at issue. *See* ECF No. 54, PgID 519 (arguing in his reply that even if "Officer Lyon was upset that Abel had . . . filed a lawsuit against him, that does not change the fact that Abel was . . . insolent on November 23, 2019"). It is well-established that Plaintiff had a constitutional right to bring this non-frivolous prisoner civil rights lawsuit. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). And there is no allegation that Plaintiff was violating "a legitimate prison regulation" by having another prisoner deliver the subpoena to Defendant.[1] *See id.* at 395. Thus, the Court sustains Plaintiff's objections and finds he has satisfied the protected activity element of his November 2019 retaliation claim. The Court will therefore consider the parties' arguments regarding causation.[2]

---

[1] Defendant acknowledges it is common for certain documents to be exchanged between officers and prisoners.

[2] Causation is the only element of the November 2019 retaliation claim that remains at issue. Defendant had initially argued that Plaintiff did not properly exhaust his administrative remedies with regard to this claim, but as the Magistrate Judge notes, Defendant abandoned this argument in his reply.

The insolence misconduct ticket was admittedly motivated at least in part by Plaintiff's underlying protected conduct. *See* ECF No. 45-9, PgID 365 (misconduct report explaining that the incident involved Defendant Lyon being served with legal papers on behalf of Plaintiff—"[t]he papers were something to do with a law suit that inmate Abel had filed on this officer"). Thus, the burden shifts to Defendant to show by a preponderance of the evidence that he would have taken the same action even in the absence of the protected activity. *See Maben v. Thelen*, 887 F.3d 252, 262 (6th Cir. 2018). Defendant argues that he would have issued Plaintiff the November 2019 misconduct ticket irrespective of what the underlying document was due to the manner in which it was delivered. He has submitted his affidavit indicating the subpoena was given to him while Plaintiff and others were watching and laughing. (*See* ECF No. 46, PgID 417.)

While Plaintiff was found guilty of insolence after a misconduct hearing, this is insufficient on its own to show Defendant would have taken the same action without the protected activity. *See Maben*, 887 F.3d at 262. In addition to providing evidence to support his assertion that he was not laughing *at* Defendant while the subpoena was being delivered, (ECF No. 53, PgID 480, 487), Plaintiff has provided the declaration of a fellow prisoner who states he heard Defendant Lyon say to another officer, "I had to sign a affidavit saying Abel humiliated me, so I wrote him a insolence ticket, but in truth I only wrote it because he's suing me and served me with a subpoena," (ECF No. 53, PgID 483). Thus, the Court finds there is a genuine issue of material fact with regard to causation. Defendant Lyon's motion for summary judgment as to the November 2019 retaliation claim is therefore denied.

## IV. Conclusion

For the foregoing reasons, the Court SUSTAINS Plaintiff's objections and ACCEPTS AND ADOPTS IN PART and REJECTS IN PART the Magistrate Judge's report and recommendation (ECF No. 63). Accordingly, the Court DENIES Defendant Lyon's motion for summary judgment (ECF No. 45) in its entirety. Because Plaintiff states he abandons his claim against Defendant Quainton, however, the Court will dismiss him from this action.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 11, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 11, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager